UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROSPECT MEDICAL HOLDINGS, INC. d/b/a Waterbury Hospital<br><br>Plaintiff,<br><br>v.<br><br>UNIT #10, CHCA NUHHCE AFSCME AFL-CIO<br><br>Defendant. | Case No.<br><br>September 18, 2019 |

## COMPLAINT TO VACATE ARBITRATION AWARD

Plaintiff Prospect Medical Holdings, Inc. ("Prospect"), by and through its undersigned attorneys, hereby submit this Complaint to Vacate Arbitration Award ("Complaint"), and states as follows:

### INTRODUCTION

1. This Complaint arises under Section 301(a) of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185(a) ("LMRA") and the Federal Arbitration Act, 9 U.S.C. §1 *et seq.* ("FAA") and seeks to vacate, set aside, and declare null and void, in part, the Arbitration Award issued by Arbitrator Susan E. Halperin on August 21, 2019 in an arbitration between Prospect and the Connecticut Health Care Associates, NUHHCE AFSCME AFL-CIO ("Union" or "CHCA").

### PARTIES

2. Plaintiff Prospect Medical Holdings, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal office located at 3415 S. Sepulveda Blvd.,

9th Floor, Los Angeles, CA 90034, and principal place of business in Los Angeles, California. Prospect is the majority owner and operator of Waterbury Hospital, the facility at issue in this dispute.

3. Waterbury Hospital is an acute care hospital in Waterbury, Connecticut and provides across-the-board medical care including, but not limited to, endoscopy, imaging, laboratory, emergency, psychiatry, rehabilitation, and surgical services.

4. CHCA is a labor union with a principal office located at 2 North Plains Industrial Rd Wallingford, CT 06492.  CHCA serves as a regional health care labor union representing health care and hospital workers employed in Connecticut.

5. CHCA represents a bargaining unit of service employees at Waterbury Hospital.

## JURISDICTION & VENUE

6. Jurisdiction is conferred upon this Court under § 301 of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 185(c), 9 U.S.C. § 10, and 28 U.S.C. §1331 (federal question jurisdiction).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) because CHCA is a resident of the State of Connecticut and resides in this judicial district.  In addition, the arbitration hearing that resulted in the Arbitration Decision that is the subject of this Complaint occurred in Waterbury, Connecticut.

## FACTUAL BACKGROUND

8. Prospect and CHCA are parties to a collective bargaining agreement for the period October 1, 2013 to September 30, 2017 (and continuing) covering, among others, individuals employed by Prospect at Waterbury Hospital as Registered Nurses (the "CBA").

9. Isnery Torres ("Torres") was employed by Prospect as a Registered Nurse in Waterbury Hospital's Emergency Room Department at all relevant times mentioned herein. Torres' employment with Prospect was covered by the CBA.

10. As the owner and operator of Waterbury Hospital, Prospect must comply with the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), which requires Prospect to, among other things, maintain the confidentiality of its patients' protected health information ("PHI").

11. Torres violated HIPAA by sharing a former patient's PHI. The former patient is hereinafter referred to as "Patient X."

12. Patient X had been a patient at Waterbury Hospital and one of his diagnoses was drug addiction.

13. Prior to September 8, 2018, Torres had cared for Patient X at Waterbury Hospital as a Charge Nurse, had accessed his medical records, and knew of his drug addiction.

14. On September 8, 2018, Patient X was seen by one of the two Patient Care Assistants (PCA) on duty entering the restricted/locked entry door into the Emergency Room. As Patient X entered, the PCA recognized him as the adult son of Waterbury Hospital's Unit Secretary. The PCA told Torres that she had witnessed Patient X enter the restricted entry door. Torres told the PCA to contact the Charge Nurse, and Torres then called the Charge Nurse directly.

15. Torres admitted discussing Patient X with the two PCAs on duty and stating that Patient X was "drug addicted." Torres also admitted disclosing this PHI to the ER Doctor later that evening.

16. Torres' disclosure of the PHI was a blatant HIPAA violation which exposed Prospect to the possibility of regulatory fines and civil liability.

17. Article XXIV of the CBA provides Prospect with the authority to terminate Registered Nurses for "just cause."

18. Prospect concluded that Torres' actions were sufficiently egregious to constitute "just cause" within the meaning of Article XXIV of the CBA.

19. Pursuant to Article VII of the CBA, CHCA initiated arbitration to address Torres' termination. Susan E. Halperin ("Arbitrator Halperin") was appointed as the arbitrator.

20. Arbitrator Halperin held the arbitration hearing on June 14, 2019 in Waterbury, Connecticut.

21. The issues submitted to Arbitrator Halperin were: (1) Whether there was just cause for Torres' termination under the CBA; and (2) If not, what is the appropriate remedy.

22. Prospect and CHCA submitted their respective briefs on or before July 17, 2019.

23. At the hearing, Arbitrator Halperin refused to permit Prospect's witnesses to provide key testimony regarding HIPAA law and its application of same to the incident involving Torres.

24. On August 21, 2019, Arbitrator Halperin issued her Arbitration Award ("Arbitration Award"), finding that Torres did not violate HIPAA because she disclosed the PHI due to safety concerns, and consequently, Prospect did not have just cause to terminate or otherwise discipline her.

25. Arbitrator Halperin ruled that Prospect must reinstate Torres and make her whole for any loss of wages and benefits less the amount of unemployment benefits or other income she may have received during her separation.

**FIRST CAUSE OF ACTION**
**(Seeking the Court to Vacate, Set Aside, and Declare Null and Void the Award)**

26. Prospect re-alleges Paragraphs 1 through 25.

27.     An arbitration award may be set aside where the arbitrator was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy, 9 U.S.C.S. § 10(a)(3), or if the arbitrator disregards applicable law, *MetLife Securities, Inc. v. Bedford*, 456 F. Supp. 2d 468, 471 (S.D.N.Y. 2006).

28.     Here, Arbitrator Halperin was guilty of misconduct in refusing to hear evidence pertinent and material to the controversy regarding HIPAA law and the application of same with respect to the incident involving Torres.

29.     Moreover, Arbitrator Halperin exhibited a manifest disregard of applicable law when she found that Torres did not violate HIPAA and thus should not have been terminated.

30.     A covered entity may not use or disclose PHI, except either: (1) as HIPAA's Privacy Rule permits or requires; or (2) as the individual who is the subject of the information (or the individual's personal representative) authorizes in writing. 45 C.F.R. § 164.502(a). 45 C.F.R. §§ 164.502(b) and 164.514(d).

31.     Under the HIPAA Privacy Rule, a covered entity may, consistent with applicable law and standards of ethical conduct, use or disclose PHI, if the covered entity, in good faith, believes the use or disclosure: (1) is necessary to prevent or lessen a serious and imminent threat to the health or safety of a person or the public; and (2) is to a person or persons reasonably able to prevent or lessen the threat. 45 C.F.R. § 164.512(j).

32.     The HIPAA minimum necessary standard applies to uses and disclosures of PHI that are permitted under the HIPAA Privacy Rule. 45 C.F.R. § 164.502.  Under the minimum necessary standard, disclosure of PHI must be limited to the minimum necessary information to accomplish the intended purpose of a particular disclosure. 45 C.F.R. § 164.502(b).

33. In finding that Torres did not violate HIPAA because she was "rightfully concerned" about a purported security breach, Arbitrator Halperin plainly disregarded HIPAA law because Torres did not have Patient X's written authorization to disclose the PHI, nor was the disclosure permitted or required under the HIPAA Privacy Rule and minimum necessary standard. First, Torres did not have a good faith belief that the disclosure of the PHI was necessary to prevent or lessen a serious and imminent threat to the health or safety of a person or the public. Second, Torres' disclosure of the PHI was not limited to individuals who were reasonably able to prevent or lessen the threat. Finally, the disclosure violated HIPAA's minimum necessary standard because it was not necessary for Torres to disclose Patient X's diagnosis in order to report the alleged security breach relating to Patient X's entry into the Emergency Room.

34. Because Arbitrator Halperin is guilty of misconduct in refusing to hear evidence pertinent and material to the controversy, and because she exhibited a manifest disregard of applicable law, the Arbitration Award must be vacated.

35. Prospect will suffer damage if it is forced to comply with the terms of the Arbitration Award.

**PRAYER FOR RELIEF**

For the reasons set forth above, Prospect respectfully requests that the Court enter judgment vacating, setting aside, and declaring null and void, in part, the August 21, 2019 Arbitration Award of Arbitrator Halperin, along with any other relief that the Court deems necessary and proper.

Dated: September 18, 2019

BAKER & HOSTETLER LLP

By: /s/ Philip H. Bieler
Philip H. Bieler (ct16252)
45 Rockefeller Plaza
New York, New York 10111
Tel.:   (212) 589-4200
Fax.:   (212) 589-4201
pbieler@bakerlaw.com

*Attorneys for Plaintiff Prospect Medical Holdings, Inc.*