UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PROSPECT MEDICAL HOLDINGS, INC. d/b/a Waterbury Hospital<br><br>*Plaintiff*,<br><br>v.<br><br><br>UNIT #10, CHCA NUHHCE AFSCME AFL-CIO<br><br>*Defendant.* | Civil No. 3:19cv1462 (JBA)<br><br>March 12, 2021 |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Prospect Medical Holdings (Prospect), the primary owner of Waterbury Hospital (Hospital), seeks to vacate, under 9 U.S.C. § 10 of the Federal Arbitration Act, the arbitration award issued in favor of Defendant Connecticut Health Care Associates (Union) on August 21, 2019. On October 24, 2018, Defendant Union grieved to arbitration the termination of its member Ms. Isnery Torres, an Emergency Room (ER) nurse at the Hospital, as lacking just cause. Plaintiff claims that the conclusions of Arbitrator Susan E. Halperin showed a "manifest disregard for the law" in determining that Ms. Torres's termination violated the union's collective bargaining agreement (CBA) with the Hospital requiring "good cause" for terminations. Prospect argues that it acted within the scope of the CBA when it fired Ms. Torres for violating the Health Insurance Portability and Accountability Act of 1996 (HIPAA). (Pl.'s Mem. of Pts. and Authorities in Supp. of Pl.'s Mot. for Summ. J. [Doc. # 24-1] at 5-6). Defendant Union maintains that the Arbitrator's award is entitled to deference by this Court and that the Arbitrator was correct in finding that Ms.

1

Torres did not violate HIPAA and her termination was not for just cause. (Def. CHCA's Opp. to Pl.'s Mot. for Summ. J. [Doc. # 27] at 6-7.)

### I.  Background from Arbitration Award

Ms. Torres had been employed as a Registered Nurse (RN) at the Hospital for fourteen years at the time of her termination. (Arbitration Award (Award) [Doc. # 24-3] at 4.)[1] On September 8, 2018, she was working in the Hospital's Emergency Department (ED) when a Patient Care Assistant (PCA) noticed a hooded man entering a restricted area of the ED through a locked door, which required entry of an access code to the door. (*Id.*) The PCA then recognized the man as the adult son (Son) of another employee (Employee), and informed Ms. Torres of what she had seen. (*Id.*) Ms. Torres then told other workers in the ED that she was concerned about Son's security breach because he was a drug addict.[2] (Def.'s L.R. 56(a)(2) Statement of Facts in Opp. [Doc. # 27-4] ¶ 13.) When Employee learned that Ms. Torres had told other employees that her son was a drug addict, Employee made a formal complaint to the hospital management, which resulted in an investigation of Ms. Torres's conduct and her termination. (Award at 5-6.)

As part of the investigation that was conducted between September 8, 2018 – October 20, 2018, Prospect determined that Ms. Torres had twice accessed Son's patient records, which it claimed she did not have authority to do. (*Id.* at 4 n.2, 5.)  Prospect asserted that the unauthorized access to Son's account, along with the disclosure of his

---

[1] Where "manifest disregard of the law" is claimed, the Court reviews an arbitration award only for the misapplication of law and takes the statement of fact in the Arbitration Award as true.  *See Westerbeke Corp. v. Daihatsu Motor Co.*, 304 F.3d 200, 208 (2d Cir. 2002).

[2] While the award only references "the disclosure," (*see* Award at 3-4), the parties' Local Rule statements affirm that the disclosure was a statement made by Ms. Torres that Son was a drug addict.

personal medical information on September 8, 2018, constituted grounds for her dismissal under the CBA. (*Id.* at 6.) Ms. Torres maintained that her "disclosure" was not a HIPAA violation because she had not learned about Son's addiction problems from his medical records, but rather directly from her collegial relationship with his mother. (*Id.* at 9.) Moreover, she explained that she felt it necessary to inform others in the ED of his addiction because she considered his breach of the security system to be a safety concern. (*Id.*)

Following Prospect's investigation, Ms. Torres was fired on October 26, 2018. (*Id.* at 2.) Soon after, the Union filed a grievance on her behalf and the parties proceeded to arbitration, as required under the CBA.  The arbitration hearing was held on June 14, 2019, and the award was issued sustaining Defendant's grievance on August 21, 2019.

In her analysis, the Arbitrator found that the Hospital failed to conduct a thorough investigation of the September incident because it declined to give any weight to Ms. Torres's safety concerns prompted by Son's apparent knowledge and use of a private code to enter a restricted area of the ED, which would have justified her discussion of Son's addiction struggles with the hospital personnel immediately at risk within the private area of the ED. (*Id.* at 16-17, 19.) Moreover, the Arbitrator found that Employee suffered from credibility issues when she admitted to openly speaking with her coworkers about her son's substance abuse struggles, concluding that Ms. Torres's knowledge of Son's condition was likely based on her relationship with his mother, not on her professional access to his medical files. (*Id.* at 18.) Considering the legitimate safety concerns of Ms. Torres and the openness with which Employee spoke about Son's addiction, the Arbitrator concluded that no violation of HIPAA occurred during the September incident. (*Id* at 17, 19.)

The Arbitrator also noted that the personnel file of Ms. Torres, which contained her positive performance reviews and clean disciplinary record over a fourteen-year career at the hospital, was not reviewed by Human Resources in determining the level of discipline to be imposed. (*Id.* at 8.)   She further determined that Ms. Torres's access to Son's medical records was proper and thus could not constitute an independent violation of HIPAA, which restricts medical personnel from examining the files of individuals who are not within their care. (*Id.* at 15-16.) Given that no violation of HIPAA occurred, there existed no just cause for the termination, and the Arbitrator ordered the Hospital to reinstate Ms. Torres forthwith to her position and make her whole with respect to lost wages and benefits from the date of her termination. (*Id.* at 20.)

## II. Discussion

A district court's review of an award of arbitration is "severely limited," *Westerbeke*, 304 F.3d at 208, as the court may vacate an award "only for an overt disregard of the law and not merely for an erroneous interpretation." *Folkways Music Publishers, Inc. v. Weiss*, 989 F.2d 108, 111 (2d Cir. 1993). This "manifest disregard" of law analysis consists of an objective and a subjective component:

> We first consider whether the governing law alleged to have been ignored by the Arbitrators was well defined, explicit, and clearly applicable. We then look to the knowledge actually possessed by the Arbitrator. The Arbitrator must appreciate the existence of a clearly governing legal principle but decide to ignore or pay no attention to it. Both of these prongs must be met before a court may find that there has been a manifest disregard of law.

*Westerbeke*, 304 F.3d at 209 (internal citations omitted).

Plaintiff alleges that the Arbitrator, in failing to construe Ms. Torres's discussion of Son's addiction as a violation of HIPAA that justified immediate removal, manifestly disregarded the privacy requirements of HIPAA. (Pl.'s Mem. at 10.)  The privacy standards

4

set by HIPAA are "well defined, explicit, and clearly applicable" in that they prohibit the disclosure of protected health information (PHI) by covered entities, including hospitals, to non-authorized entities. *See* 45 C.F.R. § 164.502(a). PHI "means individually identifiable health information [] that is: (1) Transmitted by electronic media; (2) Maintained in electronic media; or (3) Transmitted or maintained in any other form or medium." 45 C.F.R. § 160.103. Ms. Torres, as an RN at a Hospital, is subject to the requirements of HIPAA. However, the Arbitrator found that her comments about Son's condition were not necessarily based on her knowledge of Son's medical records as they appeared in the Hospital's electronic media, but rather through her relationship with the mother. As noted in the Arbitrator's award, Prospect offered no evidence to suggest that Son's medical records even included a diagnosis of "drug addict" as part of his PHI. (Award at 18.) Thus, it appears that Plaintiff's characterization of Ms. Torres's comments as disclosing PHI was a factual claim rejected by the Arbitrator.

Even if Son's substance abuse was PHI revealed to Ms. Torres by her inspection of his medical records, HIPAA permits the disclosure of PHI "to avert a serious threat to health or safety" if the covered entity "believes the [] disclosure [] is necessary to prevent or lessen a serious and imminent threat to [] the public; and [i]s to a person or persons reasonably able to prevent or lessen the threat." 45 C.F.R. § 164.512(j). The Arbitrator found that Ms. Torres considered the unauthorized entrance of Son to be a threat to her safety and that she reasonably informed those in her immediate vicinity of her concerns. Thus, her disclosure, even if it revealed PHI, would not violate HIPAA.[3]

---

[3] The Arbitrator also noted that the "Hospital's Policy on Use and Disclosure has an exception that allows disclosure of confidential information to prevent serious threats to health and safety [and i]ts Code of Conduct allows disclosure of such information when necessary."

The Court concludes that Plaintiff has failed to demonstrate that the Arbitrator manifestly disregarded the law because the Arbitrator thoroughly and appropriately applied the relevant law to the facts she found proved in determining that Ms. Torres had not violated HIPAA. Plaintiff is not entitled to summary judgment and the Award will stand.

### III.     Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is DENIED. The Complaint to vacate the Award is dismissed and the Clerk is directed to close this case.

IT IS SO ORDERED.

_____/s/_____
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 12th day of March 2021.

---

(Award at 9.) As the Hospital's policy also permits disclosure in such instances, Ms. Torres could not justifiably be terminated for violating internal company policy on disclosures.